UNITED STATES DISTRICT COURT JS-6
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No. **CV 12-8640-JFW (Ex)** Date:  October 29, 2012

Title: Endurance American Specialty Insurance Company  -v- Hamilton Brewart Insurance Agency, LLC., et al.

**PRESENT:**
 **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

 Shannon Reilly None Present
 Courtroom Deputy Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:** **ATTORNEYS PRESENT FOR DEFENDANTS:**
 None None

**PROCEEDINGS (IN CHAMBERS):** **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

 On October 9, 2012, Plaintiff Endurance American Specialty Insurance Company ("Plaintiff") filed a Complaint in this Court against Defendant Hamilton Brewart Insurance Agency LLC, Derek Brewart, and Derek Brewart as Trustee of the Hamilton Brewart Trust (collectively "Defendants"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1332(a).  However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  A limited liability company is a citizen of every state of which its members are citizens.  *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Plaintiff has failed to allege the citizenship of any of Defendant Hamilton Brewart Insurance Agency LLC's members.

 Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

 Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

 IT IS SO ORDERED.

 Page 1 of  1 Initials of Deputy Clerk   sr